2007 ND 195

STATE of North Dakota, Plaintiff and Appellee

v.

Dennis Roy HAUGEN, Defendant and Appellant.

No. 20070141.

Supreme Court of North Dakota.

Dec. 13, 2007.

Carmell Faye Mattison, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee. Submitted on brief.

Henry H. Howe, Howe & Seaworth, Grand Forks, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Dennis Haugen appealed from the criminal judgment and order denying his motion for a new trial after a jury found him guilty of carrying a loaded firearm in a vehicle. We affirm the district court judgment and order denying the motion for a new trial.

I.

[¶ 2] In March 2006, Haugen was charged with aggravated assault, terrorizing and carrying a loaded firearm in a vehicle. The charge of carrying a loaded firearm in a vehicle stems from an incident on March 23, 2006. While there was no full trial transcript included in the record on appeal, the district court order denying the motion for a new trial described some testimony presented at trial regarding the incident. Haugen said he received a phone call at his shop from his neighbor, Rodney Hulst, who wanted money to repair a trailer damaged by Haugen. Haugen testified Hulst very angrily said he wanted his money and then slammed the phone down. Haugen also testified there were five or six calls after the initial call and that he quit answering the telephone because he believed the calls were from Hulst. During this time, Haugen was in his locked shop with a cell phone.

[¶ 3] A police officer knocked on Haugen's locked shop door shortly after the telephone calls and identified himself as law enforcement. Haugen testified he did not answer because he thought it was Hulst or an individual with Hulst and was scared. Approximately forty-five minutes to an hour after the telephone confrontation, Haugen left his shop with a loaded gun. He stated he was talking on his cell phone to his son as he exited the shop.

[¶ 4] At his February 2007 jury trial, Haugen requested jury instructions on self-defense, excuse and justification for each of the charges. The district court allowed the instructions for the aggravated assault and terrorizing charges but decided the instructions were not applicable to the strict liability offense of carrying a loaded firearm in a vehicle. Haugen was acquitted of the aggravated assault and terrorizing charges but found guilty of carrying a loaded firearm in a vehicle.

[¶ 5] On appeal, Haugen argues the jury instructions were incorrect because the district court erred in deciding the offense of carrying a loaded firearm in a vehicle was a strict liability offense not subject to self-defense, excuse or justification. Haugen also argues the district court erred in denying his motion for a new trial or in declining to vacate his conviction for carrying a loaded firearm in a vehicle.

II.

[¶ 6] We review jury instructions to determine whether, as a whole, they fairly and adequately advised the jury of the applicable law. *Strand v. Cass County*, 2006 ND 190, ¶ 7, 721 N.W.2d 374. The district court is not required to instruct the jury in the exact language sought by a party if the instructions are not misleading or confusing, and if they fairly advise the jury of the law on the essential issues of the case. *Id.* When the jury instruction, read as a whole, is erroneous, relates to a subject central to the case, and affects the substantial rights of the defendant, it is grounds for reversal. *State v. Smith*, 1999 ND 109, ¶ 22, 595 N.W.2d 565.

[¶ 7] This Court has determined the Legislature may enact laws making the violation thereof a matter of strict criminal liability without a culpability

requirement. *State v. Nygaard,* 447 N.W.2d 267, 269–70 (N.D.1989). Whether an offense is punishable without proof of intent, knowledge, willfulness, or negligence is a question of legislative intent to be determined by the language of the statute in connection with its manifest purpose and design. *Id.* at 270. The interpretation of a statute is a question of law, fully reviewable on appeal. *State v. Jackson,* 2005 ND 137, ¶ 8, 701 N.W.2d 887.

[¶ 8] The relevant statute, N.D.C.C. § 62.1–02–10, states, "No person may keep or carry a loaded firearm in or on any motor vehicle in this state." The statute lists several exceptions, none of which apply here. We interpret N.D.C.C. § 62.1–02–10 to be a strict liability offense, punishable without regard to intent, knowledge, willfulness, or negligence.

[¶ 9] Strict liability does not always preclude affirmative defenses. *State v. Eldred,* 1997 ND 112, ¶ 30, 564 N.W.2d 283. However, only in very rare cases have we said an affirmative defense may be applied when the offense is a strict liability offense. *State v. Buchholz,* 2006 ND 227, ¶ 12, 723 N.W.2d 534 (citing *State v. Rasmussen,* 524 N.W.2d 843, 846 (N.D. 1994)). What conduct can be justified or excused is defined in our criminal code at N.D.C.C. ch. 12.1–05. *City of Bismarck v. Lembke,* 540 N.W.2d 155, 157 (N.D.1995). These justifications and excuses may apply to offenses outside of Title 12.1. *Rasmussen,* at 844. In *Rasmussen,* this Court described the difference between excused and justified conduct:

"Since justifications and excuses have similar consequences, the principal reason for distinguishing between them is clarity of analysis. A justification is a circumstance which actually exists and which makes harmful conduct proper and noncriminal. An excuse is a circumstance for which the Code excuses the actor from criminal liability even though

the actor was not 'justified' in doing what he did, *e.g.,* a nonculpable but mistaken belief that facts affording a justification exist."

*Id.* at 845 (quoting Final Report of the National Commission on Reform of Federal Criminal Laws at 44 (1971)). Thus, if a defendant's conduct was either justified in actuality, or excused because he reasonably, but mistakenly, believed that circumstances actually existed which would justify his conduct, the defendant would have a valid affirmative defense. *Lembke,* at 157. The decisive issue under our law of self-defense is not whether a person's beliefs are correct, but rather whether they are reasonable. *State v. Leidholm,* 334 N.W.2d 811, 815 (N.D.1983). Similarly, an unreasonably held belief precludes the affirmative defense of excuse for a strict liability offense. *Lembke,* at 158.

[¶ 10] The district court decided Haugen failed to attempt available alternatives to carrying a loaded firearm in his vehicle, such as calling law enforcement. While Haugen argues he acted reasonably because of the history between the parties and his own past experience with law enforcement, this Court lacks a record with which to substantiate his allegations. An appellant assumes the consequences and risks for failure to file a complete transcript, and we will not review an issue if the record on appeal does not allow for a meaningful and intelligent review of the alleged error. *Industrial Com'n of North Dakota v. Noack,* 2006 ND 195, ¶ 7, 721 N.W.2d 698. Therefore we decline to hold the district court erred in this case by refusing to provide jury instructions on self-defense, excuse and justification for the charge of carrying a loaded firearm in a vehicle.

## III.

[¶ 11] We affirm the district court judgment and order denying the motion for a new trial.

[¶ 12] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.