2009 ND 119

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Lawrence James ZAJAC, Defendant and Appellant.**

**No. 20080203.**

Supreme Court of North Dakota.

July 9, 2009.

Arthur Warren Stokes, State's Attorney, Wahpeton, N.D., for plaintiff and appellee; submitted on brief.

Mark A. Meyer, Meyer Law Firm, Wahpeton, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] Lawrence Zajac appeals from a district court order deferring imposition of sentence, entered upon a jury verdict finding him guilty of injuring a highway under N.D.C.C. § 24–12–01, and from the court's order denying his motion for a new trial. Because we conclude that the district court did not err in denying Zajac's requested jury instruction on the defense of excuse, we affirm.

I

[¶ 2] In a June 11, 2007, complaint, Zajac was charged with causing injury to a highway in violation of N.D.C.C. § 24–12–01, a class B misdemeanor. According to the complaint, on June 2, 2007, Zajac willfully dug up a highway by cutting a ditch through a Belford Township road near Mantador in Richland County, without first obtaining permission from the Belford Township Board. Zajac's residence is located in rural Mantador on the west side of the township road.

[¶ 3] At trial, Zajac testified that his residence was threatened with rising water after approximately four and one-half inches of rainfall and that culverts on the township road were not draining enough water and were, instead, acting as a dam. Water began backing up over Zajac's driveway and around his house. Zajac testified that he believed he had two choices: he could go into the basement of his home and try to save his property, risking injury from the rising waters; or he could use a pay loader to cut the township road, allowing water to flow out of his yard. Zajac testified that "[a]bout a half an hour" had passed from the time he had returned to his home that morning and the time he started cutting the road. Although Zajac testified that he thought his life was in danger, on cross-examination he conceded that he could have left "if [he] wanted to."

[¶ 4] Zajac testified that he used a pay loader on his property to dig two ditches across the township road to allow water to escape, purportedly saving his home and reducing the risk of harm to himself. After about forty-five minutes, the water receded and did not reach his home. Zajac acknowledged that he did not seek permission before cutting the road, but testified that there was not time because he had "never seen water running so fast in [his] life." Zajac also testified that he spoke to a township board member later, after cutting the road, who he said told him, "[Y]ou gotta do what you gotta do."

[¶ 5] After being charged for cutting the township road, Zajac pled not guilty. On July 2 and 3, 2008, a jury trial was held in the district court. Before trial, Zajac submitted proposed jury instructions to the district court, including requested instructions on defenses of consent, excuse, mistake of law, and duress. At the close of the defense's case and before instructing the jury, the district court ruled on the proposed jury instructions based on the evidence presented during the trial. The district court rejected Zajac's proposed

jury instructions on his defenses, adopting instead the State's proposed instructions. The court concluded that Zajac did not present sufficient evidence to support the requested instructions and Zajac chose to place himself in a position of jeopardy. The court also found that Zajac had options other than cutting the road. The court then heard Zajac's objections to its decision not to instruct the jury on the proposed jury instructions regarding his defenses. After closing arguments, the case was submitted to the jury, and the jury convicted Zajac.

[¶ 6] On July 3, 2008, the district court issued an order deferring imposition of sentence. On July 14, 2008, Zajac moved for a new trial, arguing the court should have instructed the jury on the affirmative defense of excuse. On July 23, 2008, the district court denied Zajac's motion for a new trial.

## II

[¶ 7] On appeal, Zajac argues that the district court erred in not allowing his requested jury instructions on justification, excuse, and duress. Zajac also argues that the court abused its discretion in denying his motion for a new trial due to the State's improper final argument. However, subsequent to the jury's verdict and the district court's order deferring imposition of sentence, Zajac moved for a new trial, arguing only that the court should have instructed the jury on the defense of excuse.

[¶ 8] We have explained that "although a motion for new trial is not necessary for appellate review, when a new trial is sought, the party making the motion is limited on appeal to the grounds presented to the trial court in the motion for a new trial." *State v. Hernandez*, 2005 ND 214, ¶ 34, 707 N.W.2d 449 (citing *State v. Jordheim*, 508 N.W.2d 878, 880–81 (N.D.

1993)); *see also State v. Syring*, 524 N.W.2d 97, 100 (N.D.1994); *City of Fargo v. McLaughlin*, 512 N.W.2d 700, 703 (N.D. 1994); *Andrews v. O'Hearn*, 387 N.W.2d 716, 728–29 (N.D.1986). In *Jordheim*, 508 N.W.2d at 881 (citations omitted), a majority of this Court held that "[t]his longstanding rule applies equally to criminal appeals."

[¶ 9] Here, the only issue Zajac identified in his July 14, 2008, motion for a new trial was: "Where the evidence presented indicates that Defendant cut a road to protect himself from imminent bodily injury and to protect his home, should the jury have been instructed on the defense of excuse?" We conclude that Zajac is limited on appeal to this narrow issue presented to the district court in his motion for a new trial and that Zajac has failed to preserve for review the remaining issues he has raised in his appeal to this Court.

## III

[¶ 10] Zajac argues that the district court erred in not allowing his requested jury instruction on excuse.

[¶ 11] We review a district court's decision on a motion for a new trial under an abuse of discretion standard. *State v. Coppage*, 2008 ND 134, ¶ 11, 751 N.W.2d 254; *State v. Lemons*, 2004 ND 44, ¶ 18, 675 N.W.2d 148. The district court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law. *Lemons*, at ¶ 18.

[¶ 12] Generally, this Court reviews jury instructions as a whole to determine whether the instructions fairly and adequately informed the jury of the applicable law. *State v. Haugen*, 2007 ND 195, ¶ 6, 742 N.W.2d 796; *State v. Falconer*, 2007 ND 89, ¶ 13, 732 N.W.2d 703; *State v. Olander*, 1998 ND 50, ¶ 18, 575 N.W.2d

658. "The district court is not required to instruct the jury in the exact language sought by a party if the instructions are not misleading or confusing, and if they fairly advise the jury of the law on the essential issues of the case." *Haugen,* at ¶ 6. "When the jury instruction, read as a whole, is erroneous, relates to a subject central to the case, and affects the substantial rights of the defendant, it is grounds for reversal." *Id.*

A defendant cannot be found guilty unless the State proves every element of the offense beyond a reasonable doubt, and an element of an offense means " 'the nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue.' " [*Olander,* 1998 ND 50, ¶¶ 19–20, 575 N.W.2d 658] (quoting N.D.C.C. § 12.1–01–03(1)(e)). A defendant is entitled to a jury instruction on a defense if there is evidence that creates a reasonable doubt about an element of the charged offense. *Id.* at ¶ 20.... Whether there is sufficient evidence to support a jury instruction is viewed in the light most favorable to the defendant. [*State v. Gresz,* 2006 ND 135, ¶ 6, 717 N.W.2d 583].

*Falconer,* 2007 ND 89, ¶ 13, 732 N.W.2d 703. A defense, therefore, is raised when there is evidence " 'sufficient to raise a reasonable doubt on the issue,' and a district court errs by refusing to instruct on an issue that has been adequately raised." *State v. Schumaier,* 1999 ND 239, ¶ 16, 603 N.W.2d 882 (quoting *State v. McIntyre,* 488 N.W.2d 612, 614 (N.D.1992)). "A defendant is entitled to such an instruction even if the evidentiary basis for the theory is 'weak, inconsistent, or of doubtful credibility.' " *Id.* (quoting *State v. Gagnon,* 1997 ND 153, ¶ 9, 567 N.W.2d 807)); *see also State v. Mathre,* 2004 ND 149, ¶ 10, 683 N.W.2d 918; *State v. Ronne,* 458 N.W.2d 294, 296 (N.D.1990). However, a district court may properly refuse to submit to the jury an instruction which is inapplicable or irrelevant. *City of Mandan v. Willman,* 439 N.W.2d 92, 94 (N.D. 1989).

[¶ 13] Here, the material facts leading to the charges against Zajac are not in dispute. Zajac testified that he made two cuts to the township road without seeking prior permission from the township board. Zajac was charged for causing injury to a highway under N.D.C.C. § 24–12–01, which provides:

No person may willfully dig up, remove, displace, break, or otherwise injure or destroy any public highway, right of way, or bridge, or any rest area, picnic area, or tourist camp, or improvements thereon, operated in connection with a public highway, or any private way laid out by authority of law, or any bridge upon such way without first securing permission from the person or governing body having jurisdiction and control thereof.

The proposed instruction on excuse requested by Zajac was captioned, "Excuse (Necessary and Appropriate Conduct)," and stated:

A person may use *force upon property* to defend himself against danger of imminent bodily injury or to defend his property from damage. In either instance, the person's conduct, which would otherwise be unlawful, is excused. A person's conduct is excused if the person believes that the facts are such that the conduct is necessary and appropriate, even though that belief is mistaken.

(Emphasis added.)

[¶ 14] Conduct which may be justified or excused is defined in N.D.C.C. ch. 12.1–05. *See Haugen,* 2007 ND 195, ¶ 9, 742 N.W.2d 796 (distinguishing between

defenses of justification and excuse). Chapter 12.1–05, N.D.C.C., "is an almost complete adoption of Chapter 6 of the Proposed [New Federal Criminal] Code dealing with defenses involving justification and excuse." *State v. Leidholm,* 334 N.W.2d 811, 814 (N.D.1983). The defenses found in N.D.C.C. ch. 12.1–05 may also apply to offenses outside of N.D.C.C. tit. 12.1. *Haugen,* at ¶ 9.

[¶ 15] Regarding the defense of excuse, N.D.C.C. § 12.1–05–08, provides:

A person's conduct is excused if he believes that the facts are such that his conduct is necessary and appropriate for any of the purposes *which would establish a justification or excuse under this chapter,* even though his belief is mistaken. However, if his belief is negligently or recklessly held, it is not an excuse in a prosecution for an offense for which negligence or recklessness, as the case may be, suffices to establish culpability. Excuse under this section is a defense or affirmative defense according to which type of defense would be established had the facts been as the person believed them to be.

(Emphasis added.) In *Ronne,* 458 N.W.2d at 296, this Court explained the difference between justified and excused conduct under N.D.C.C. ch. 12.1–05:

Sections 12.1–05–02 through 12.1–05–07, N.D.C.C., describe the types of conduct that are justified and reflect society's determination that the actual existence of certain circumstances makes proper and legal what otherwise would be criminal conduct. *State v. Leidholm,* 334 N.W.2d 811 (N.D.1983). In contrast, excused conduct, as defined in Section 12.1–05–08, N.D.C.C., recognizes the criminality of conduct but excuses it because the actor reasonably but mistakenly believed that circumstances actually

existed which would justify that conduct. *Id.*

Section 12.1–05–08, N.D.C.C., limits the excuse defense to a mistaken belief that the facts are such that an actor's conduct is necessary *for any of the "purposes which would establish a justification or excuse" under ch. 12.1–05, N.D.C.C.* In determining whether or not the actor's mistaken belief was reasonable, a subjective standard of reasonableness applies. *State v. Leidholm, supra.* Thus, a defendant may be entitled to an excuse instruction if there is evidence presented at trial that the defendant has a reasonable but mistaken belief that any of the statutory grounds for justification in ch. 12.1–05, N.D.C.C., are present.

(Emphasis added.)

[¶ 16] In both his motion for a new trial and his appeal to this Court, Zajac acknowledges that under N.D.C.C. § 12.1–05–08, a determination must be made as to what "purposes" would establish a justification or excuse under N.D.C.C. ch 12.1–05. In support of his excuse instruction, Zajac cites to the justifications found in N.D.C.C. §§ 12.1–05–03 and 12.1–05–06. Section 12.1–05–03, N.D.C.C., providing for self-defense, states:

A person is justified in using force upon another person to defend himself against danger of imminent unlawful bodily injury, sexual assault, or detention by such other person, except that:

1. A person is not justified in using force for the purpose of resisting arrest, execution of process, or other performance of duty by a public servant under color of law, but excessive force may be resisted.

2. A person is not justified in using force if:

a. He intentionally provokes unlawful action by another person to cause

bodily injury or death to such other person; or

b. He has entered into a mutual combat with another person or is the initial aggressor unless he is resisting force which is clearly excessive in the circumstances. A person's use of defensive force after he withdraws from an encounter and indicates to the other person that he has done so is justified if the latter nevertheless continues or menaces unlawful action.

Section 12.1–05–06, N.D.C.C., regarding the use of force in defense of property, provides:

Force is justified if it is used to prevent or terminate an unlawful entry or other trespass in or upon premises, or to prevent an unlawful carrying away or damaging of property, if the person using such force first requests the person against whom such force is to be used to desist from his interference with the premises or property, except that a request is not necessary if it would be useless or dangerous to make the request or substantial damage would be done to the property sought to be protected before the request could effectively be made.

[¶ 17] Here, Zajac's requested instruction on excuse purports to permit a person to "use force upon property to defend himself." However, for purposes of N.D.C.C. ch. 12.1–05, "[f]orce" is defined as "physical action, threat, or menace *against another*, and includes confinement." N.D.C.C. § 12.1–05–12(3) (emphasis added). Zajac's proposed excuse instruction clearly does not comport with the definition of "force" under N.D.C.C. ch. 12.1–05.

[¶ 18] Furthermore, N.D.C.C. § 12.1–05–08 requires a defendant to establish a justification or excuse "under this chapter." Both of the justifications under N.D.C.C. ch. 12.1–05 relied upon by Zajac, N.D.C.C. §§ 12.1–05–03 (self-defense) and 12.1–05–06 (defense of property), contemplate justifying "physical action, threat, or menace" against another person, rather than injuring a highway or using "force upon property." Under the circumstances of this case, Zajac's proposed instruction on excuse was properly denied by the district court because the justifications found in N.D.C.C. §§ 12.1–05–03 and 12.1–05–06 and the definition of "force" in N.D.C.C. ch. 12.1–05 plainly contemplate taking action against another person, rather than against property.

[¶ 19] Viewing the evidence in the light most favorable to the defendant, we hold the district court did not err in denying Zajac's proposed jury instruction on excuse. We therefore conclude the district court did not abuse its discretion by denying Zajac's motion for a new trial. Further, because we conclude Zajac was limited on appeal to the issue raised in his new trial motion, we do not reach the other issues raised by Zajac on appeal.

### IV

[¶ 20] The district court orders are affirmed.

[¶ 21] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.