Filed 9/15/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 186

State of North Dakota, Plaintiff and Appellee

v.

Johnathan Scott Vondal, Defendant and Appellant

Nos. 20100389 & 20100390

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Sonja Clapp, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Meredith Huseby Larson (argued), Assistant State’s Attorney, and Mark Jason McCarthy (appeared), P.O. Box 5607, Grand Forks, N.D. 58206-5607, for plaintiff and appellee.

Robin Lynn Thompson Gordon, P.O. Box 52, Drake, N.D. 58736-0052, for defendant and appellant.

State v. Vondal

Nos. 20100389 & 20100390

Crothers, Justice.

[¶1] Johnathan Vondal appeals from criminal judgments entered after a jury found him guilty of aggravated assault and continuous sexual abuse of a child.  Vondal argues that it was obvious error to prosecute him as an adult for acts committed before he was fourteen years old, that his due process rights were violated by multiple instances of prosecutorial misconduct, that the district court abused its discretion and violated his confrontation rights by prohibiting testimony about the victim’s state of mind and that the evidence is insufficient to support his convictions.  We affirm.

I

[¶2] On December 22, 2009, police were called to a Grand Forks residence where Vondal and his sister, B.V., were engaged in a physical altercation. Vondal was arrested and charged with aggravated assault under N.D.C.C. § 12.1-17-02.  During the investigation of the altercation, B.V. told police that Vondal had sexually abused her in the past and that the abuse had gone on for as long as she could remember until Vondal stopped in 2008.  At the time of the investigation Vondal was twenty-one years old and B.V. was fourteen years old.  In February 2010, Vondal was charged with continuous sexual abuse of a child under N.D.C.C. § 12.1-20-03.1.  The State alleged Vondal willfully engaged in three or more sexual acts or contacts with B.V. between 2000 and 2009 while B.V. was less than fifteen years old.

[¶3] The district court granted the State’s motion to join the prosecutions.  In August 2010, the State filed a motion in limine, requesting the court enter a pre-trial order prohibiting Vondal from introducing evidence or arguing that he should not be held responsible for the continuous sexual abuse charge because he committed the crime while he was a minor.  Vondal did not oppose the motion and instead said he would not argue his age at the time of the offense was a defense or that he was incorrectly charged.  The court granted the State’s motion.  A jury trial was held.  Vondal moved for a judgment of acquittal at the close of the State’s case and renewed his motion after all of the evidence was presented.  The court denied both motions.  The jury found Vondal guilty of both charges, and criminal judgments were subsequently entered.

II

[¶4] Vondal argues the district court committed obvious error in allowing him to be prosecuted as an adult for continuous sexual abuse of a child for sexual acts or contacts committed when he was less than fourteen years old.  He claims N.D.C.C. § 12.1-04-01 bars the State from prosecuting him as an adult for acts he allegedly committed before he turned fourteen years old.  He contends evidence of the sexual acts or contacts he allegedly committed before he turned fourteen should not have been admitted at trial and without evidence of those acts, insufficient evidence exists to support the verdict for continuous sexual abuse of a child.  

[¶5] Vondal did not raise this issue in the district court nor did he oppose the State’s motion in limine to prohibit him from arguing he should not be held responsible for the continuous sexual abuse charge because he committed the offense when he was a minor.  Vondal informed the court he did not intend to argue his age at the time of the offense was a defense or that he was incorrectly charged.  This Court will not consider issues raised for the first time on appeal.  
State v. Keller
, 550 N.W.2d 411, 412 (N.D. 1996).  However, a narrow exception to this rule provides that “[a]n obvious error or defect that affects substantial rights may be considered even though it was not brought to the court’s attention.”  N.D.R.Crim.P. 52(b).  “‘We exercise the power to notice obvious error cautiously and only in exceptional circumstances where the defendant has suffered serious injustice.’” 
Keller
, at 412 (quoting 
State v. Woehlhoff
, 540 N.W.2d 162, 164 (N.D. 1995)). 

[¶6] Section 27-20-34(8), N.D.C.C., provides the procedure for transferring juvenile cases from juvenile court to district court and also provides:

“A person at least twenty years of age who committed an offense while a child and was not adjudicated for the offense in juvenile court may be prosecuted in district court as an adult, unless the state intentionally delayed the prosecution to avoid juvenile court jurisdiction.  The district court has original and exclusive jurisdiction for the prosecution under this subsection.”

However, N.D.C.C. § 12.1-04-01 also provides, “The prosecution of any person as an adult is barred if the offense was committed while the person was less than fourteen years of age.” 

[¶7] Although N.D.C.C. §§ 12.1-04-01 and 27-20-34(8) may prohibit the prosecution of an individual who is at least twenty years old for an offense that occurred before the person was fourteen years old, we need not decide that issue in this case.  Even if we agreed with Vondal’s argument and held N.D.C.C. § 12.1-04-01 bars the prosecution of an individual over the age of twenty in district court as an adult for an offense committed before the individual was fourteen years old, it would not affect the outcome of this case because N.D.C.C. § 12.1-04-01 does not apply.

[¶8] Vondal was charged with continuous sexual abuse of a child in violation of N.D.C.C. § 12.1-20-03.1.  An individual is guilty of continuous sexual abuse of a child under N.D.C.C. § 12.1-20-03.1(1), “if the individual engages in any combination of three or more sexual acts or sexual contacts with a minor under the age of fifteen years during a period of three or more months.”  Continuous sexual abuse of a child is a continuous offense.  Unlike most offenses which are instantaneous, a continuous offense “consists of a course of conduct enduring over an extended period of time.”  
John v. State
, 291 N.W.2d 502, 505 (Wis. 1980).  A continuous offense is not committed until all of the essential elements of the offense are present and complete and the course of conduct ends.  
See
 
State v. Meza
, 165 P.3d 298, 302 (Kan. Ct. App. 2007); 
State v. Palmer
, 810 P.2d 734, 740 (Kan. 1991); 
Morris v. State
, 595 So.2d 840, 844-45 (Miss. 1991); 
John
, at 505.  With a continuing offense each act that is part of the offense is not a separate offense unless specifically provided by law.  
State v. Knoefler
, 325 N.W.2d 192, 199 (N.D. 1982).  

[¶9] In this case, the State alleged the crime was committed between June 2000 and July 2009.  B.V. testified about four specific sexual acts or contacts.  She testified she was five years old the first time Vondal sexually abused her and he was eleven or twelve years old.  The second sexual act or contact B.V. testified about occurred when she was seven or eight years old and Vondal was approximately fourteen or fifteen years old.  B.V. testified about two more sexual acts or contacts that occurred when Vondal was over the age of fourteen with the last occurring in 2008.  

[¶10] Although there was evidence Vondal was less than fourteen years old when the first alleged sexual acts or contacts occurred, evidence also exists that all essential elements of the offense were not present and complete and the offense was not committed until after Vondal’s fourteenth birthday.  Furthermore, the State did not allege the offense was committed and all of the essential elements of the offense were present and complete before Vondal was fourteen years old.  Section 12.1-04-01, N.D.C.C., only bars the prosecution of a person as an adult if the offense was committed before the person was fourteen years old.  Vondal was only charged with one offense, continuous sexual abuse of a child.  He was not charged with separate offenses for each of the alleged sexual acts or contacts, and the offense of continuous sexual abuse of a child was not committed until Vondal was more than fourteen years old.  Section 12.1-04-01, N.D.C.C., does not apply under the facts of this case.  We conclude the district court did not commit obvious error by allowing Vondal to be prosecuted as an adult for the continuous sexual abuse charge and by allowing evidence of acts that occurred before Vondal was fourteen years old. 

III

[¶11] Vondal argues his due process rights were violated by various instances of prosecutorial misconduct.  Vondal claims the State’s misconduct included advocating themes of “blame, minimize, deny” and “family sticks together,” making improper comments during closing argument, commenting on whether the victim had any motive to lie after he was prohibited from introducing evidence about the victim’s motive, asking the victim leading questions and questioning a potential juror about the concept of delayed reporting and sexual abuse of a child.

[¶12] We first determine whether the prosecutor’s actions were misconduct and, if they were, then we examine whether the misconduct had prejudicial effect.  
See
 
State v. Burke
, 2000 ND 25, ¶¶ 25-30, 606 N.W.2d 108 (whether the prosecutor’s actions affected the defendant’s substantial rights was only considered after determining the actions were misconduct). 
 “To determine whether a prosecutor’s misconduct rises to a level of a due process violation, we decide if the conduct, in the context of the entire trial, was sufficiently prejudicial to violate a defendant’s due process rights.”  
State v. Kruckenberg
, 2008 ND 212, ¶ 20, 758 N.W.2d 427.  When a defendant fails to object to alleged misconduct, we will not reverse unless the misconduct constitutes obvious error.  
State v. Evans
, 1999 ND 70, ¶ 9, 593 N.W.2d 336.  “[O]ur review is limited to determining if the prosecutor’s conduct prejudicially affected [the defendant’s] substantial rights, so as to deprive [the defendant] of a fair trial.”  
State v. Burke
, 2000 ND 25, ¶ 22, 606 N.W.2d 108. 
 “‘In deciding if there was obvious error, we consider the probable effect of the prosecutor’s improper comments on the jury’s ability to judge the evidence fairly.’”  
Evans
, at ¶ 9.  Obvious error is noticed “‘only in exceptional circumstances in which the defendant has suffered a serious injustice.’”  
State v. Duncan
, 2011 ND 85, ¶ 18, 796 N.W.2d 672 (quoting 
Evans
, at ¶ 9). 

[¶13] Vondal did not assert prosecutorial misconduct in the district court, and he did not object to most of the alleged misconduct.  Vondal nevertheless argues the State engaged in misconduct by improperly questioning a potential juror who was a clinical psychologist to elicit expert testimony.  The juror was asked what he thought “delayed reporting” meant and why delayed reporting in child sexual abuse cases may occur.  The juror responded to the questions but admitted it was not his area of expertise.  Vondal did not object to the questions.  The mere questioning of a potential juror during voir dire does not establish Vondal was denied a fair trial.  This alleged misconduct does not constitute obvious error.  

[¶14] The other alleged misconduct was not improper conduct, including the State’s comments during closing argument on whether the physical evidence supported Vondal’s claims about the altercation with B.V., the State’s comments about whether B.V. had a motive to lie, the State’s argument that Vondal blamed the victim and minimized his own role and the State’s argument about whether certain conduct constituted sexual contact.  After reviewing the record, we conclude Vondal failed to establish any claimed prosecutorial misconduct deprived him of a fair trial.   

IV

[¶15] Vondal argues the police violated his rights by failing to apply N.D.C.C. § 14-

07.1-10(2) and by failing to determine which party was the predominant aggressor or to consider whether he acted in self-defense before deciding whether probable cause to arrest him for aggravated assault existed.  Vondal claims none of the officers testified that they considered self-defense or other factors which they are statutorily required to consider.  Vondal failed to raise this issue in the district court and we will not consider it for the first time on appeal.  
See
 
State v. Ochoa
, 2004 ND 43, ¶ 10, 675 N.W.2d 161.

V

[¶16] Vondal argues the district court abused its discretion and violated his Sixth Amendment confrontation rights by not allowing testimony regarding B.V.’s out-of-

court statements about her state of mind at the time of the December 22, 2009, altercation.  He claims B.V. was motivated to make the allegations about sexual abuse at the time of the altercation because juvenile court proceedings were pending against her and she was afraid she would be sent to the Youth Correctional Center if she got in further trouble.  Vondal contends testimony about B.V.’s state of mind would have shown why she fabricated or embellished upon the sexual abuse and why she was unwilling to admit showing any aggression during the altercation. 

[¶17] Vondal did not raise a confrontation issue before the district court.  “Issues that are not raised before the district court, including constitutional issues, ‘generally will not be addressed on appeal unless the alleged error rises to the level of obvious error.’”  
State v. Addai
, 2010 ND 29, ¶ 49, 778 N.W.2d 555 (quoting 
State v. Parisien
, 2005 ND 152, ¶ 17, 703 N.W.2d 306).  

[¶18] The Sixth Amendment Confrontation Clause provides a criminal defendant with the right to face those who testify against the defendant and the right to cross-

examine.  
Pennsylvania v. Ritchie
, 480 U.S. 39, 51 (1987); 
see also
 
State v. Woinarowicz
, 2006 ND 179, ¶ 8, 720 N.W.2d 635.  “The Sixth Amendment does not prevent a district court from imposing reasonable limits on a defendant’s cross-

examination, including excluding irrelevant evidence.”  
State v. Ness
, 2009 ND 182, ¶ 20, 774 N.W.2d 254. “[T]he Confrontation Clause guarantees only ‘an 
opportunity
 for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.’” 
United States v. Owens
, 484 U.S. 554, 559 (1988) (quoting 
Kentucky v. Stincer
, 482 U.S. 730, 739 (1987)).  “The opportunity to cross-examine a witness is the primary mode of safeguarding a defendant’s Sixth Amendment confrontation rights, but the scope of the cross-

examination is in the court’s discretion.”  
Ness
, at ¶ 21.  Here, B.V. testified and Vondal had an opportunity to cross-examine her.  Vondal’s confrontation rights were not violated. 

[¶19] “The propriety of cross-examination of witnesses is largely within the district court’s discretion and will not be disturbed on appeal absent a showing the court abused its discretion.”  
Ness
, 2009 ND 182, ¶ 21, 774 N.W.2d 254.  “A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or misinterprets or misapplies the law.”  
Id.
  

[¶20] Vondal wanted to introduce testimony from B.V.’s mother about whether B.V. believed she would be sent to the Youth Correctional Center if she got in trouble again as a motive for making the sexual abuse allegations at the time of the December 2009 altercation.  The district court ruled the proffered testimony by B.V.’s mother about B.V.’s state of mind was speculative, but the court also said it would allow Vondal to question B.V. on the issue.  The court allowed testimony about B.V.’s issues with truancy, three other physical altercations, an aggravated assault and sneaking out of the house.  Vondal was allowed to question B.V. about events in her life around the time of the December 2009 altercation, including that she was on probation and what would happen if she got in any further trouble.  The court has broad discretion over evidentiary matters, and the court’s decision to exclude speculative testimony about another person’s state of mind is not an abuse of discretion.  
See
 
State v. McNair
, 491 N.W.2d 397 (N.D. 1992) (court did not abuse its discretion in refusing to admit testimony from a witness about the defendant’s state of mind because the testimony was irrelevant and speculative).  The court did not abuse its discretion by excluding testimony from B.V.’s mother about B.V.’s state of mind. 

VI

[¶21] Vondal argues the district court erred in denying his motions for acquittal because the State did not provide sufficient evidence to support the guilty verdicts. 

[¶22] The standard of review for sufficiency of the evidence claims is well established:

“[T]his Court views the evidence most favorable to the verdict and all reasonable inferences drawn from such evidence.  
State v. Wilson
, 2004 ND 51, ¶ 6, 676 N.W.2d 98.  The defendant must show the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt.  
Id.
  This Court will not weigh conflicting evidence or judge the credibility of witnesses; rather, we will only reverse a conviction if no rational fact-finder could have found the defendant guilty beyond a reasonable doubt.  
Id.
”

State v. Grant
, 2009 ND 210, ¶ 22, 776 N.W.2d 209 (quoting 
State v. McAvoy
, 2009 ND 130, ¶ 8, 767 N.W.2d 874).

[¶23] Sufficient evidence exists to support the aggravated assault conviction.  
B.V. testified about the December 22, 2009, physical altercation.  B.V. testified she was arguing with Vondal when he punched her multiple times, grabbed her neck and threw her on the floor.  The police officers who responded to the call about the domestic dispute testified about their investigation of the incident and B.V.’s claims she had been strangled or choked.  Grand Forks Police Officer Shawn Thompson testified that he responded to the domestic disturbance call, that he noticed B.V. had a swollen red lump above her left eye and red linear marks across the front of her neck, that B.V. told him Vondal punched her in the face and choked her and that B.V. said her neck was sore and she was having difficulty breathing.  Thompson testified he also spoke to Vondal and Vondal’s explanation of what happened was not consistent with B.V.’s injuries.  Thompson testified B.V. showed signs of strangulation, including red marks across the front of her neck, light-headedness, difficulty breathing and pain in her neck.  Grand Forks Police Officer Jay Middleton testified that he took photographs at the crime scene, that he noticed B.V. had swelling and bruising on the left side of her face, that red marks were on the left side of her neck and that she complained of stiffness of the neck and difficulty breathing.  Middleton testified the marks on B.V.’s neck were consistent with strangulation.  There were photographs of B.V.’s injuries, and the officers testified her injuries were consistent with her claims.  Viewed in the light most favorable to the verdict, sufficient evidence existed to support the aggravated assault conviction. 

[¶24] Sufficient evidence also exists to support the verdict finding Vondal guilty of continuous sexual abuse of a child.  B.V. testified Vondal put his hand down her pants and under her underwear and put his finger inside her vagina when she was five years old.  B.V. testified Vondal came into the bathroom after she finished showering when she was seven or eight years old and had her perform oral sex on him.  She also testified Vondal performed oral sex on her while she was sleeping when she was eleven or twelve years old.  B.V. testified the last incident of abuse occurred in 2008 when Vondal put his hands on her vagina.  B.V. testified he sexually abused her “[a] lot.  All the time.”  Viewing the evidence in a light most favorable to the verdict, we conclude sufficient evidence supports Vondal’s conviction.

VII

[¶25] We conclude that Vondal’s prosecution for continuous sexual abuse was not barred, that the district court did not commit obvious error by allowing the introduction of evidence of sexual acts or contacts occurring before Vondal was fourteen years old, that Vondal failed to establish the prosecutor engaged in misconduct or deprived him of a fair trial, that Vondal’s confrontation rights were not violated, that the district court did not abuse its discretion by excluding testimony from the victim’s mother and that sufficient evidence supports Vondal’s convictions.  We affirm the district court’s criminal judgments.

[¶26] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.