2001 ND 189

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Raymond MARTIN, Jr., Defendant and Appellant.**

No. 20000366.

Supreme Court of North Dakota.

Dec. 5, 2001.

Rehearing denied Jan. 15, 2002.

Cynthia M. Feland, Assistant State's Attorney, Courthouse, Bismarck, ND, for plaintiff and appellee.

Alan J. Sheppard, Fargo, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶1] Raymond M. Martin appealed from a Burleigh County District Court judgment of conviction by which he was convicted for a violation of North Dakota Century Code Section 12.1–20–03.1; Continuous Sexual Abuse of a Child ("Continuous Abuse"). Martin asserts the trial court erred by not granting his motion for acquittal due to insufficiency of the evidence under N.D.R.Crim.P. 29. Further, Martin asserts he was denied his Fifth Amendment protection against double jeopardy. Lastly, Martin argues Section 12.1–20–03.1 of the North Dakota Century Code is unconstitutionally vague and thus void. The decision below is affirmed.

[¶2] Raymond Martin lived with Cassie Walter from the fall of 1993 until May of 1995. Together Martin and Walter had a child in 1994. The couple subsequently ended the relationship and began a legal contest over the custody of their child.

[¶3] In June of 1995, Walter filed a report with the Department of Social Services in which she alleged Martin had sexually abused the couple's child. The allegations of sexual abuse were reported to the Bismarck Police Department and resulted in the filing of a criminal charge against Martin for Gross Sexual Imposition. The charge, however, was dropped before a trial commenced.

[¶4] In 1999, Bismarck police received another report of Martin sexually abusing his child from the Department of Social

Services. The State, relying on the new information which suggested two incidents of sexual abuse had occurred and the allegation from 1995, charged Martin with Continuous Sexual Abuse of a Child under N.D.C.C. § 12.1–20–03.1. Martin was convicted by a jury of the offense.

I

[¶ 5] Martin argues the State failed to establish he engaged in a combination of three or more sexual acts or sexual contacts during a period of three or more months; thus, the State did not establish he continually sexually abused a child, as the statute requires. As a result, there is insufficient evidence to support his conviction. This Court will "review a challenge to the sufficiency of the evidence by drawing all inferences in favor of the verdict." *City of Jamestown v. Neumiller*, 2000 ND 11, ¶ 5, 604 N.W.2d 441. "Reversal is warranted only if, after viewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, no rational fact-finder could have found the defendant guilty beyond a reasonable doubt." *Id.*

[¶ 6] Section 12.1–20–03.1, N.D.C.C., reads in relevant part: "[a]n individual in adult court is guilty of a class A felony if the individual engages in any combination of three or more sexual acts or sexual contacts with a minor under the age of fifteen years during a period of three or more months." The occurrence of three or more sexual acts or contacts is an element of the offense, as is the time frame of three or more months. N.D.C.C. § 12.1–20–03.1. Accordingly, to convict an individual the State must prove three or more acts or contacts occurred over a period of not less than three months. *Id.* The statute does not contain a maximum time limit, however. There is no time established by the statute at which an offense

must be considered separately of any other offenses. As a result, the State in this case could include the 1995 allegation with the 1999 allegations to provide the minimum of three offenses necessary to support the Continuous Abuse charge.

II

[¶ 7] Martin next asserts the trial court's decision to allow evidence gathered in relation to the 1995 allegation to be used in the 1999 charge for Continual Abuse amounted to placing him on trial twice for the same offense in violation of the prohibitions against double jeopardy. This assertion is groundless.

[¶ 8] The Fifth Amendment of the United States Constitution, made applicable to the States by the Fourteenth Amendment, as well as Article I, Section 12 of the North Dakota Constitution, protects against "successive prosecutions and punishments for the same criminal offense," or in other words, protecting against double jeopardy for the same offense. *State v. Foley*, 2000 ND 91, ¶ 6, 610 N.W.2d 49.

[¶ 9] The United States Supreme Court explained the reason for this constitutional safeguard in *Serfass v. United States:*

> The underlying idea, one that is deeply ingrained in at least the Anglo American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

420 U.S. 377, 387–88, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975) (quoting *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)). Therefore, the State cannot repeatedly put an individual to trial for the same offense. *Id.*

[¶ 10] The point at which a trial begins and jeopardy attaches has been narrowly defined as the moment the defendant has been "put to trial before the trier of the facts." *Serfass,* 420 U.S. at 388, 95 S.Ct. 1055. Specifically "[i]n a jury trial, jeopardy attaches when the jury is empaneled and sworn." *State v. Foley,* 610 N.W.2d 49, 2000 ND 91, ¶ 6. Similarly, "in a bench trial, [jeopardy] attaches when the court begins to hear the evidence." *Id.*

[¶ 11] In the case at hand, Martin was not put to trial in 1995. A tip was given to police; Martin was investigated and charged with a crime, but the charges were dismissed before trial. As a result, Martin was not placed in jeopardy in 1995; hence, there can be no double jeopardy as a result of the trial in 1999. Martin has been tried only once for his crimes.

## III

[¶ 12] Additionally, Martin challenges the constitutionality of N.D.C.C. § 12.1–20–03.1. Martin asserts the language "during a period of three or more months" found in the statute is unconstitutionally vague.

[¶ 13] As our discussion in section I of this opinion reveals, Section 12.1–20–03.1 is not vague. Furthermore, the laws of this State are presumed to be constitutional. *State v. Tweed,* 491 N.W.2d 412, 418 (N.D.1992)(explaining "the scales are weighed in favor of the statute"). To overcome this presumption, the law's challenger must show it runs afoul of our State's or of our Nation's Constitution. *Id.* One way of doing this is by establishing the law violates the void-for-vagueness doctrine. *See, e.g., State v. Tweed,* 491 N.W.2d 412, 418.

[¶ 14] The void-for-vagueness doctrine requires " 'a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' " *Id.* (quoting *Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)); *see also Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). We have recognized this doctrine and its requirements. *See, e.g., State v.Tweed,* 491 N.W.2d 412, 418.

[¶ 15] Finally, we note Martin did not raise the constitutional issue before the trial court, and " '[g]enerally, issues not raised in the trial court, even constitutional issues, will not be addressed on appeal.' " *State v. Tweed,* 491 N.W.2d 412, 417 (quoting *State v. Miller,* 388 N.W.2d 522 (N.D.1986)). The exception to this principle arises when the record reveals an "obvious error" in the action of the trial court. *State v. Tweed,* 491 N.W.2d 412, 418; N.D.R.Crim.P. 52(b). Of course, if there is no error, there can be no obvious error.

[¶ 16] For the foregoing reasons we affirm the judgment of the district court.

[¶ 17] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ, concur.