2008 ND 204

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Roger Patrick McAVOY, Defendant and Appellant.**

**No. 20080126.**

Supreme Court of North Dakota.

Nov. 19, 2008.

Lloyd C. Suhr, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Susan Schmidt, Bismarck, ND, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Roger McAvoy appeals a district court order and second amended criminal judgment revoking his probation and re-sentencing him to be committed to the custody of the North Dakota Department of Corrections for five years, with credit for time served. We affirm, concluding the district court's finding that McAvoy violated the terms of his probation was not clearly erroneous and the district court did not abuse its discretion in ordering him incarcerated.

I

[¶ 2] On December 10, 2007, McAvoy pled guilty to the charge of failure to register as a sex offender, a class C felony. The district court issued its judgment and an amended judgment correcting a clerical error, sentencing him to 90 days in jail and five years' probation with the North Dako-ta Department of Corrections.

[¶ 3] Among his conditions of proba-tion, McAvoy was required to comply with state law, inform his probation officer and law enforcement of any change of address, and obtain permission from his probation officer to spend the night away from his registered address. On March 28, 2008, McAvoy's probation officer filed a petition for revocation of probation, alleging that McAvoy had violated these four conditions of his probation by failing to register as a sex offender, failing to inform his proba-tion officer and law enforcement of his change of address within ten days, and failing to obtain his probation officer's per-mission to spend the night elsewhere than his registered address. McAvoy denied all allegations. At the revocation hearing, held on April 23, 2008, a Bismarck police officer and McAvoy's probation officer tes-tified. The police officer testified he went on two separate occasions to the address McAvoy had registered as his residence—

once, on December 21, 2007, to talk about an error in McAvoy's registration paper-work, and again on December 24, 2007, on an unrelated matter. On December 24, the officer met the legal tenant of that residence—the daughter of the woman with whom McAvoy was staying—who ad-vised him that she had asked her mother and McAvoy to leave on December 22 and that they might have gone to Fort Yates. McAvoy's probation officer testified that he had visited McAvoy at his registered address on December 20 but that he did not return until January 3, 2008, when the tenant at that address informed him that McAvoy might be in Fort Yates. The officer further testified McAvoy called him on January 3, 2008, reporting that he was in the Fort Yates area "sorting things out" and that he did not know when he would return to Bismarck. On January 4, 2008, McAvoy was taken into custody by the Sioux County Sheriff.

[¶ 4] At the revocation hearing, McA-voy requested its postponement until his pending criminal charge for failure to reg-ister as a sex offender could be completed, because that charge was related to most of the allegations in the petition for probation revocation. The district court denied McAvoy's request. Following the revoca-tion hearing, the district court, finding that McAvoy had violated the terms of his pro-bation, resentenced him to the Department of Corrections for five years, with credit for 116 days for time served.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. This appeal is time-ly under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, § 2, and N.D.C.C. § 29–28–06.

II

[¶ 6] On reviewing an appeal of a probation revocation, we apply a two-step

analysis. *State v. Jacobsen,* 2008 ND 52, ¶ 8, 746 N.W.2d 405. First, we apply the clearly erroneous standard to the district court's fact findings. *State v. Wardner,* 2006 ND 256, ¶ 19, 725 N.W.2d 215. "A finding of fact is clearly erroneous when it is induced by an erroneous view of the law, when there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence, the court is left with a definite and firm conviction that a mistake has been made." *Id.* (citation omitted). Second, we determine whether the district court abused its discretion in deciding that revocation was warranted. *Jacobsen,* at ¶ 8. A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or misapplies or misinterprets the law. *Wardner,* at ¶ 26.

### III

■ [¶ 7] McAvoy first argues the district court erred in proceeding with the parole revocation hearing when criminal proceedings arising out of the acts for which revocation was being sought were pending. The petition for revocation was filed March 28, 2008, and trial for the underlying criminal charges of failure to register as a sex offender was set for June 17, 2008.

■ [¶ 8] Our cases reflect a preference for postponing a probation revocation hearing when there are criminal proceedings pending against the probationer arising out of the acts for which revocation is being sought. *State v. Olson,* 2003 ND 23, ¶ 8 n. 2, 656 N.W.2d 650; *State v. Gefroh,* 458 N.W.2d 479, 481 (N.D.1990); *State v. Hass,* 268 N.W.2d 456, 460 (N.D.1978). The main reason for such a disposition is the possible "tension between the Fifth Amendment right to remain silent at the first hearing and the danger that defendant's testimony at the first hearing may

be used to convict or bring on the revocation at the second." *Hass,* 268 N.W.2d at 460. This Court, however, resolved that issue in *Hass* by adopting the rule "that testimony given by the accused at a revocation hearing would be excluded, and could not be used directly at the subsequent trial on the substantive charge." *Id.* (citing *People v. Coleman,* 13 Cal.3d 867, 120 Cal.Rptr. 384, 533 P.2d 1024 (1975)). Another argument in favor of awaiting the criminal proceeding is judicial economy. *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701, 708 (1973). In *Kates,* the Supreme Court of Pennsylvania concluded, however,

> the possibility of duplicating effort is far outweighed by other policies which dictate that the court's right to adjudicate a parole violation prior to the subsequent trial should not be curtailed. This is true because the basic objective of probation is to provide a means to achieve rehabilitation without resorting to incarceration. When it becomes apparent that the probationary order is not serving this desired end the court's discretion to impose a more appropriate sanction should not be fettered. Initially, when the court decides to impose a probation order it is only after first balancing the interest of society in protecting against possible future criminal behavior of the individual with the benefit he would receive by remaining free from prison. Certainly, society has the right to expect a prompt hearing when a probationer has allegedly engaged in a course of criminal activity.

*Id.*

[¶ 9] Here, more importantly, the record indicates that notice of preliminary hearing was sent to McAvoy three weeks before the revocation hearing, yet he waited until the April hearing to move for a continuance. *See* N.D.R.Ct. 6.1(b) ("Mo-

tions for continuance shall be promptly filed as soon as the grounds therefor are known . . . ."); *see also State v. Waters*, 542 N.W.2d 742, 745 (N.D.1996) (the district court's denial of defendant's request for continuance on the day of trial was not erroneous, because defendant had four weeks' notice of trial date). Therefore, in the absence of a clear mandate for the postponement of a revocation hearing until underlying criminal charges are disposed of, and in light of the above-mentioned societal interest and McAvoy's last-minute request for a continuance, the trial court did not abuse its discretion by proceeding with the revocation proceeding.

### IV

[¶ 10] Next, McAvoy argues the evidence was insufficient to establish that he had changed his address. Specifically, he claims the district court findings were not supported by the evidence, because the State's main premise—that McAvoy left his registered address on December 22—was based primarily on hearsay evidence. He argues the legal tenant of his Bismarck residence—the daughter of the woman with whom he was staying—is an interested party and therefore had reason to lie to the police officer.

[¶ 11] The district court's determination of whether the defendant violated his probation terms is a finding of fact. *State v. Jacobsen*, 2008 ND 52, ¶ 10, 746 N.W.2d 405. Under Rule 32(f)(3)(B) of the North Dakota Rules of Criminal Procedure, the State needs to prove a probation violation by a preponderance of the evidence when revocation is contested. We have explained this standard "in terms of whether a reasoning mind reasonably could have determined factual conclusions reached were proved by the weight of the evidence from the entire record." *Kraft v. State Bd. of Nursing*, 2001 ND 131, ¶ 21,

631 N.W.2d 572. Hearsay evidence is admissible at probation revocation hearings. N.D.R.Ev. 1101(d)(3); *State v. Hemmes*, 2007 ND 161, ¶ 14, 740 N.W.2d 81.

[¶ 12] The police officer testified at the revocation hearing that when he returned to McAvoy's registered address on December 24 and did not find McAvoy present, the tenant there advised him that she had asked her mother and McAvoy to leave on December 22 and that they might have gone to Fort Yates to look for new housing. From this testimony, coupled with the fact that McAvoy called his probation officer on January 3, 2008, telling him that he was in the Fort Yates area "sorting things out" and that he did not know when he was going to return to Bismarck, the district court could reasonably infer that McAvoy had changed his address.

[¶ 13] No other evidence was presented at the revocation hearing. In light of our rule in *Hass*, 268 N.W.2d at 460, "that testimony given by the accused at a revocation hearing would be excluded, and could not be used directly at the subsequent trial on the substantive charge," McAvoy could have testified at the probation revocation hearing or he could have called his own witnesses to rebut the State's contention that he left his registered address on December 22. Even if we were to accept McAvoy's argument that the evidence was insufficient to show a change of address, it was reasonable for the district court to infer from the evidence that he violated his probation by spending the night elsewhere than his registered address from December 22, 2007, until January 4, 2008. In fact, it was reasonable for the district court to infer that McAvoy spent at least the night of January 3 in Fort Yates without his probation officer's permission—McAvoy's probation officer testified that he did not give him permission to sleep anywhere else but

his registered address, that McAvoy called him on January 3, telling him he was in Fort Yates, and that on January 4, McAvoy was taken into custody by the Sioux County Sheriff. According to *Jacobsen*, the "State need show only a single violation to sustain revocation of probation." *Jacobsen*, 2008 ND 52, ¶ 15, 746 N.W.2d 405. Based on the testimony presented at the revocation hearing and the reasonable inferences from that evidence, the trial court's finding that McAvoy violated his probation was not clearly erroneous.

[¶ 14] The district court did not abuse its discretion by revoking McAvoy's probation for failing to register as a sex offender and for violating other probation conditions. McAvoy was on probation for failing to register as a sex offender to begin with. The conditions imposed by the district court as part of McAvoy's probation were the result of his December 2008 plea of guilty for failure to register as a sex offender.

### V

[¶ 15] We affirm the district court order and second amended judgment revoking McAvoy's probation and resentencing him to be committed to the custody of the North Dakota Department of Corrections for five years, with credit for 116 days for time served.

[¶ 16] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.