Filed 7/9/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 130

State of North Dakota, Plaintiff and Appellee

v.

Roger Patrick McAvoy, Defendant and Appellant

No. 20090024

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED AS AMENDED.

Opinion of the Court by VandeWalle, Chief Justice.

Lloyd C. Suhr, Assistant State’s Attorney, Courthouse, 514 E. Thayer Ave., Bismarck, ND 58501, for plaintiff and appellee.

Susan Schmidt, 400 E. Broadway Ave., Ste. 27, Bismarck, ND 58501, for defendant and appellant.

State v. McAvoy

No. 20090024

VandeWalle, Chief Justice.

[¶1] 
Roger Patrick McAvoy appealed from a criminal judgment entered following a jury trial and verdict finding him guilty of failure to register as a sex offender under N.D.C.C. § 12.1-32-15(2).  The criminal judgment indicates McAvoy was convicted by a plea of guilty.  This is an error.  We affirm the conviction, holding there was sufficient evidence to convict McAvoy of the offense but we direct that on remand the criminal judgment be amended to reflect that McAvoy was convicted after a jury trial and verdict finding him guilty of the offense of failure to register as a sex offender.

I.

[¶2]
 In April of 1997, Roger Patrick McAvoy pled guilty to a charge of sexual assault on a child, and was subsequently required to register as a sex offender.  On December 12, 2007, McAvoy registered a Bismarck address of “521 Wind Ave.” with the North Dakota Bureau of Criminal Investigation.  Officer Kevin Huber of the Bismarck Police Department realized this must be an error, as there was no “Wind Avenue” in Bismarck, and on December 21 found McAvoy at 521 West Indiana Avenue, informing him that he had filled out his registration form incorrectly and needed to fill out new forms immediately.  McAvoy visited the Bismarck Police Department later that day, and amended his registration to indicate 521 West Indiana Avenue as his residence.  McAvoy would later testify that he spent every night in the West Indiana apartment from December 12 until he moved out approximately ten days later.

[¶3]
 At the time McAvoy listed his residence as 521 West Indiana Avenue the only person appearing on the lease for that residence was Star Silk.  In December of 2007, McAvoy dated Silk’s mother, Jacqueline Dogskin.  Silk testified at trial that, aside from her two children, she was the only person who had resided at that address.  However, Dogskin performed babysitting duties for Silk’s children at the residence during the weekdays, and Silk noted at trial that Dogskin stayed overnight “a few times.”  While McAvoy stated that Silk knew he was spending nights at the West Indiana apartment, Silk testified that McAvoy was not allowed to stay there overnight or use the residence as his mailing address.  Silk also contended she had not known that McAvoy used the West Indiana residence for his sex offender registration.  Rather, Silk testified that McAvoy slept in a van parked down the street from her apartment, and that Silk only allowed him into the home during the evenings while she was present.  

[¶4]
 Silk testified that on the morning of December 22 she told Dogskin and McAvoy they were no longer allowed in her apartment.  McAvoy placed his date of departure from the West Indiana apartment at December 23, and stated he intended to return to the residence after a brief stay away.  By either time line, after leaving the West Indiana address, McAvoy and Dogskin went to Fort Yates where they stayed with Dogskin’s mother.  McAvoy stated their intention was to spend the holiday season in Fort Yates, and return to Silk’s apartment afterward until he found his own residence.  At no point after December 21 did McAvoy provide law enforcement with an updated registration address, and was arrested in Sioux County on January 3 for failure to register. 

[¶5]
 While McAvoy waited for trial, his probation officer filed a petition for revocation of McAvoy’s probation due to his most recent charges.  After the petition was granted, McAvoy appealed to this Court, which found the district court did not abuse its discretion and was not clearly erroneous in finding that McAvoy violated the terms of his probation.  
See
 
State v. McAvoy
, 2008 ND 204, ¶ 1, 757 N.W.2d 394.  McAvoy’s criminal trial for failure to register as a sex offender was held on October 17, 2008.  Pre-trial, McAvoy moved to include a jury instruction explaining when a sex offender would be required to register after being temporarily domiciled.  The proposed instruction read:

When a person has been at a location for ten days, that new address is his temporary domicile, and after that ten days has expired, he has three days to register with the chief of police of the city or the sheriff of the county of his temporary domicile.   

In its order ruling on McAvoy’s motion, the court noted that this interpretation of the statute would allow a sex offender thirteen days to register after coming into a county.  The court stated that, “if supported by the evidence at trial, the instruction requested by the Defendant, or one substantially similar thereto, will be given by the Court at trial.”  At the trial’s commencement, the district court included in its opening jury instructions a definition of the term “temporarily domiciled” explaining the statutory provision that sex offenders must register an address while impermanently displaced in a location after being present there for longer than ten consecutive days.  The court further instructed the jury that the term “resides” means “to live in a place, to be physically present and actually stay there.”  At the close of the trial and before the case was submitted to the jury, the court discussed with the attorneys McAvoy’s requested instruction regulating the registration of sex offenders when temporarily domiciled.  The court stated that it would give its own version of the instruction, which read:

A sexual offender who fails to register, or who changes his name, school, or address and fails to give written notification within three days of coming into a county in which the individual resides or is temporarily domiciled is guilty of a criminal offense.   

[¶6]
 The court noted to the attorneys that, in drafting the language in this instruction, it agreed with McAvoy’s counsel that the statute allowed offenders thirteen days to register, first addressing McAvoy’s counsel:

I think that the instructions that are included accurately state what the statute says.  You can make the argument that that’s what the statute says and that that’s how you understand what the statute to mean, because I think you’re correct in how you’re reading the statute.  I think there are some problems with that statute after it was amended that creates some confusion how those sections may be read together.

Certainly, the—I agree with the State that the intent of the Legislature and the Courts in interpreting the statute in the past has made it pretty clear that the intent is to tighten up the time for registration and not expand it, but that is not specifically what the statute says.

I think the language in the instruction that I’ve drafted and given to you for your consideration as a closing instruction accurately reflects the language in the statute.  And that says what you said it says . . . that the sexual offender has to give notice within three days of coming into a county in which he is temporarily domiciled.

There are all kinds of fact issues in this case whether there is a temporary domicile.  As to whether it’s a residence issue, whether he was going for temporary domicile, or whether he was leaving because the person he was with was fleeing the jurisdiction to avoid warrants.  Those were all fact issues that you can argue to the jury, but I think the instruction as written at this time accurately reflects the law, and I’m not going to give the additional instruction.   

[¶7]
 During trial, the primary focus of the evidence concerned credibility determinations on Silk and McAvoy, and their conflicting statements regarding whether McAvoy had ever resided at the West Indiana residence and whether he was then actually ejected by Silk on December 22, or he voluntarily left for a temporary stay in Fort Yates.  At the close of the State’s evidence, McAvoy moved for a judgment of acquittal under Rule 29 of the North Dakota Rules of Criminal Procedure.  The court denied the motion, and McAvoy was found guilty and sentenced to five years in the custody of the North Dakota Department of Corrections with three years suspended.

II.

[¶8]
 McAvoy argues there was insufficient evidence for the jury to convict him of failing to register as a sex offender.  McAvoy moved for judgment of acquittal under N.D.R.Crim.P. 29 at the close of the State’s case-in-chief, preserving the issue of sufficiency of the evidence for appeal.  
See
 
State v. Igou
, 2005 ND 16, ¶ 4, 691 N.W.2d 213.  When reviewing challenges to the sufficiency of the evidence, this Court views the evidence most favorable to the verdict and all reasonable inferences drawn from such evidence.  
State v. Wilson
, 2004 ND 51, ¶ 6, 676 N.W.2d 98.  The defendant must show the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt.  
Id.
  This Court will not weigh conflicting evidence or judge the credibility of witnesses; rather, we will only reverse a conviction if no rational fact-finder could have found the defendant guilty beyond a reasonable doubt.  
Id.

[¶9]
 Section 12.1-32-15(2), N.D.C.C., requires a convicted sex offender to register an address with law enforcement within three days of coming into a county in which the individual resides or is temporarily domiciled.  Such a requirement is enforced to aid in the investigation and apprehension of offenders and to protect the health, safety, and welfare of the citizens of this state.  
State v. Burr
, 1999 ND 143, ¶ 13, 598 N.W.2d 147 (
quoting
 
Hearing on H.B. 1152 Before the House Judiciary Committee
, 54th N.D. Legis. Sess. (Jan. 9, 1995)).  The statute defines “temporarily domiciled” as:

[S]taying or being physically present in this state for more than thirty days in a calendar year or at a location for longer than ten consecutive days, attending school for longer than ten days, or maintaining employment in the jurisdiction for longer than ten days, regardless of the state of the residence.   

N.D.C.C. § 12.1-32-15(1)(g). 

[¶10]
 At trial, the State presented the jury with two separate theories by which they could have found McAvoy violated the registration statute.  First, the State argued that McAvoy was never actually domiciled at the West Indiana address, and therefore did not properly register an address with the state while he was present in Bismarck.  McAvoy contends the State did not meet its burden in showing that he had permanently moved out of 521 West Indiana Avenue.  Alternatively, the State contends that, if McAvoy was properly registered at the West Indiana apartment, he was ejected from that residence on December 22, and failed to register when he resided in Fort Yates.  McAvoy argues he was not in Fort Yates long enough to be temporarily domiciled there, and therefore he was not required  to  change his registration status.

[¶11]
 Whether McAvoy became temporarily domiciled in Fort Yates depends in part upon statutory interpretation and how the jury counted the days in between his exit from the West Indiana residence to the time of his arrest.  Viewing the evidence in the light most favorable to the verdict, Silk ejected McAvoy and Dogskin from the West Indiana residence on December 22, at which time they left for Fort Yates.  McAvoy was arrested in Sioux County on January 3 for failure to register.  In substance, McAvoy obtained the instruction from the district court that he requested—that he was allowed 13 days from the date of entering a jurisdiction to obtain temporary domicile and then to register as a sex offender.  The issue, then, is how those 13 days are to be counted (i.e., whether the first day is included, whether the last day is included, etc.).  McAvoy did not request a jury instruction on how to count these 13 days, and neither party cited to any existing law which acts as a directive on counting the days.  However, N.D.C.C. § 1-02-15 provides that the “time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday.”  

[¶12]
 Regardless of whether McAvoy became temporarily domiciled in Sioux County, thus placing upon him a burden to update his registration, there was sufficient evidence for the jury to find McAvoy guilty of failing to register as a sex offender under the State’s other theories.  First, the jury could have reasonably relied on Silk’s testimony that she had not allowed McAvoy to stay at the West Indiana address or to use that address as his residence.  Second, even if the jury believed McAvoy had resided at the West Indiana residence, they could have found that Silk ejected McAvoy from her residence on December 22, which would have required him to immediately establish a residence somewhere else.  The State argues that, if McAvoy had previously resided at the West Indiana address, his ejection from that residence and subsequent relocation to Fort Yates on December 22 constituted a move from Burleigh County to Sioux County.  Such a circumstance would not trigger the “temporary domicile” provision of N.D.C.C. § 12.1-32-15(2), but rather would implicate the statute’s requirement that a sex offender register “within three days of coming into a county in which the individual resides.”  There was sufficient evidence for the jury to find that McAvoy moved from Burleigh County to Sioux County, as Silk testified she ejected McAvoy from her residence, and the evidence introduced at trial indicates McAvoy came to Sioux County with all of his worldly possessions in tow.  Therefore, the jury could have found that McAvoy only had three days to register a new address in Sioux County, and violated N.D.C.C. § 12.1-32-15(2) by failing to do so.

[¶13]
 Under either theory, there was sufficient evidence upon which the jury could reasonably base its verdict finding McAvoy guilty under N.D.C.C. § 12.1-32-15(2).

III.

[¶14]
 The evidence was sufficient for the jury to find McAvoy guilty of failing to register as a sex offender.  We direct that the criminal judgment be amended to reflect conviction after a jury trial and verdict of guilty.  We affirm the criminal judgment as amended.

[¶15]
 Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom