Filed 2/8/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 29

State of North Dakota, Plaintiff and Appellee

v.

Ciro Gomez, Defendant and Appellant

No. 20100100

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable M. Richard Geiger, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Barbara L. Whelan, State’s Attorney, Walsh County Courthouse, 600 Cooper Avenue, 3rd Floor, Grafton, N.D. 58237, for plaintiff and appellee.

Kent M. Morrow, P.O. Box 2155, Bismarck, N.D. 58502-2155, for defendant and appellant.

State v. Gomez

No. 20100100

Crothers, Justice.

[¶1] Ciro Gomez appeals from a criminal judgment entered after a jury found him guilty of continuous sexual abuse of a child.  Gomez argues the district court erred when it failed to issue a special verdict form, the evidence is insufficient to support his conviction, the court erred by refusing to consider his challenge to the ethnic and racial makeup of the jury panel, and his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment.  We affirm.

I

[¶2] In January 2009, Gomez was charged with continuous sexual abuse of a child in violation of N.D.C.C. § 12.1-20-03.1, a class AA felony.  The State alleged Gomez forced Jane Doe, a twelve-year-old female, to place her hands on his penis over his clothing and forced her to move her hands over his penis for the purpose of arousing or satisfying his sexual or aggressive desires.  The State alleged the sexual contacts occurred numerous times each week between May 2008 and January 5, 2009.

[¶3] A jury trial was held in October 2009.  After the jury was selected and sworn in, Gomez objected to the makeup of the jury panel.  Gomez later moved for a mistrial, arguing the composition of the jury panel lacked a fair cross-section of Walsh County.  The district court advised Gomez that his claim needed to be more fully developed and that an evidentiary hearing probably would be necessary.  In a November 4, 2009 order relating to Gomez’s motion, the court notified Gomez that his motion must be developed by presentation of evidence and that he needed to request an evidentiary hearing within ten days if he wanted to proceed with the motion.  Gomez did not request an evidentiary hearing.  On December 9, 2009, the court denied Gomez’s motion for mistrial. 

[¶4] After the State presented its evidence, Gomez moved for a judgment of acquittal under N.D.R.Crim.P. 29, arguing the case must be dismissed because the alleged acts cannot constitute sexual contacts.  He claimed sexual contact, as defined by statute, is limited to acts performed by the offender to the sexual parts of the minor and does not include acts done by the minor to the offender.  The district court denied Gomez’s motion.

[¶5] The jury found Gomez guilty.  Gomez was sentenced to life imprisonment, with the balance suspended after he serves thirty years.  

II

[¶6] Gomez argues the district court erred by failing to issue a special verdict form because N.D.C.C. § 12.1-20-03.1 requires the jury to make a finding of guilt and a separate unanimous finding that three or more sexual acts or contacts occurred.  The jury was given one verdict form for finding Gomez guilty and another form for finding Gomez not guilty.  The jury was not required to make any separate findings.  Gomez contends the court cannot assume the jury unanimously found three or more sexual contacts occurred when it found he was guilty of the offense.

[¶7] Section 12.1-20-03.1, N.D.C.C., provides the statutory requirements for the offense of continuous sexual abuse of a child:

“1. An individual in adult court is guilty of an offense if the individual engages in any combination of three or more sexual acts or sexual contacts with a minor under the age of fifteen years during a period of three or more months.  The offense is a class AA felony if the actor was at least twenty-two years of age at the time of the offense.  Otherwise, the offense is a class A felony.  The court may not defer imposition of sentence.

“2. If more than three sexual acts or contacts are alleged, a jury must unanimously agree that any combination of three or more acts or contacts occurred.  The jury does not need to unanimously agree which three acts or contacts occurred.”

[¶8] Unlike the rules of civil procedure, “the rules of criminal procedure do not provide for special verdicts or general verdicts accompanied by special interrogatories . . . and the only proper verdicts are guilty or not guilty.”  
State v. Steen
, 2000 ND 152, ¶ 9, 615 N.W.2d 555.  Rule 31(e), N.D.R.Crim.P., authorizes the use of a special verdict form in limited circumstances in criminal cases, including when certain defenses have been raised and when overt acts of treason are alleged.  This Court has also said a special verdict form or special findings may be required when a statute explicitly requires the factfinder make findings for sentencing purposes and the fact at issue is not an essential element of the offense.  
See
 
State v. Sheldon
, 312 N.W.2d 367, 370 (N.D. 1981) (N.D.C.C. § 12.1-32-02.1, which provides minimum prison terms for armed offenders, requires that the jury make a special finding that the accused was in possession of a dangerous weapon, explosive, or firearm in the course of committing the offense).  The use of special verdicts or interrogatories is disfavored in criminal cases, but is not per se impermissible and has been approved by other courts when “the special findings benefit the defendant, were neither inherently prejudicial nor predeterminative of the jury’s verdict, or assisted the court for sentencing purposes.”  
Steen
, at ¶ 9.

[¶9] Gomez was not charged with treason and he did not raise any defenses requiring a special verdict form under N.D.R.Crim.P. 31.  Although Gomez’s age at the time of the offense did affect the classification of the offense under N.D.C.C. § 12.1-20-03.1 and the maximum penalty available, the parties stipulated Gomez was at least twenty-two years old at the time of the offense.  A special finding was not required for sentencing purposes.  
Cf.
 
Sheldon
, 312 N.W.2d at 370.  We conclude a special verdict form was not required in this case. 

[¶10] Instructions must fairly and adequately advise the jury of the applicable law.  
State v. Haugen
, 2007 ND 195, ¶ 6, 742 N.W.2d 796.  “The occurrence of three or more sexual acts or contacts is an [essential] element of the offense.”  
State v. Martin
, 2001 ND 189, ¶ 6, 636 N.W.2d 447.  Section 12.1-20-03.1(2), N.D.C.C., requires a jury unanimously agree that three or more acts or contacts occurred.  Here, the jury instructions included the essential elements of the offense and informed the jury that it “must unanimously agree that any combination of three or more acts or contacts occurred.  You do not need to unanimously agree which three acts or contacts occurred.”  The jury instructions adequately advised the jury of the law.  “A jury is presumed to follow instructions given by the [] court.”  
State v. McClary
, 2004 ND 98, ¶ 17, 679 N.W.2d 455.  We conclude the district court properly instructed the jury and did not err by failing to issue a special verdict form. 

III

[¶11] Gomez argues insufficient evidence supports his conviction.  He contends a minor touching an adult cannot constitute sexual contact as defined by N.D.C.C. § 12.1-20-02 and, therefore, no evidence establishes he engaged in three or more sexual contacts with the child because there was no evidence he touched the child. 

[¶12] Under N.D.R.Crim.P. 29(a), after the close of the prosecution’s evidence or after the close of all evidence, the district court is authorized, on the defendant’s motion, to “enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.”  The standard of review for a challenge to the sufficiency of the evidence is well established:

“[T]his Court views the evidence most favorable to the verdict and all reasonable inferences drawn from such evidence.  The defendant must show the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt.  This Court will not weigh conflicting evidence or judge the credibility of witnesses; rather, we will only reverse a conviction if no rational fact-finder could have found the defendant guilty beyond a reasonable doubt.”

State v. Grant
, 2009 ND 210, ¶ 22, 776 N.W.2d 209 (quoting 
State v. McAvoy
, 2009 ND 130, ¶ 8, 767 N.W.2d 874) (citations omitted).

[¶13] An individual is guilty of continuous sexual abuse of a child “if the individual engages in any combination of three or more sexual acts or sexual contacts with a minor under the age of fifteen years during a period of three or more months.”  N.D.C.C. § 12.1-20-03.1(1).  “Sexual contact” means: 

“any touching, whether or not through the clothing or other covering, of the sexual or other intimate parts of the person, or the penile ejaculation or ejaculate or emission of urine or feces upon any part of the person, for the purpose of arousing or satisfying sexual or aggressive desires.”

N.D.C.C. § 12.1-20-02(5).

[¶14] The interpretation of a statute is a question of law, which is fully reviewable on appeal.  
State v. O’Toole
, 2009 ND 174, ¶ 11, 773 N.W.2d 201.  “Words in a statute are given their plain, ordinary, [and] commonly understood meaning, unless defined in the code or unless the drafters clearly intended otherwise.”  
Id.
 (quoting 
Sauby v. City of Fargo
, 2008 ND 60, ¶ 8, 747 N.W.2d 65); 
see also
 N.D.C.C. § 1-02-

02.

[¶15] The plain language of N.D.C.C. § 12.1-20-02(5) states sexual contact is any touching of the sexual or other intimate parts of the person for the purpose of arousing or satisfying sexual or aggressive desires.  The word “person” is not specifically defined in the statute; therefore, the plain, ordinary, and commonly understood meaning applies.  N.D.C.C. § 1-02-02.  The statute does not limit the definition of sexual contact to the touching of the child’s sexual or other intimate parts; rather, the plain language of the statute includes any touching of the sexual or intimate parts of the person by the child.  N.D.C.C. § 12.1-20-02(5).

[¶16] In this case, the child testified Gomez forced her to place her hands on his penis over his clothing and forced her to move her hand over his penis.  Evidence established Gomez was in a relationship with the child’s mother and periodically lived with the child and her mother between May 2008 and January 2009.  The child testified the sexual contacts occurred almost daily when Gomez lived with them, including the day he was arrested for the offense.  Viewing the evidence in the light most favorable to the verdict, we conclude sufficient evidence exists upon which the jury could reasonably base its verdict finding Gomez guilty of continuous sexual abuse of a child.  

IV

[¶17] Gomez argues the district court erred when it refused to consider his challenge to the ethnic and racial makeup of the jury panel and jury.  He claims the jury selection process was flawed and violated the Sixth Amendment “fair cross-section” requirement.  He contends he presented evidence that nine percent of Walsh County’s population is Hispanic and Hispanics were underrepresented on the jury panel.  The district court denied Gomez’s motion because Gomez failed to provide evidence supporting his claim. 

[¶18] Under the Sixth Amendment of the United States Constitution, “a criminal defendant has a right to a jury trial with an impartial jury selected from a representative cross-section of the community.”  
State v. Robles
, 535 N.W.2d 729, 731 (N.D. 1995); 
see also
 
Taylor v. Louisiana
, 419 U.S. 522 (1975).  To establish a prima facie violation of the fair-cross-section requirement, the defendant must show three elements:

“(1) that the group alleged to be excluded is a ‘distinctive’ group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.”

Duren v. Missouri
, 439 U.S. 357, 364 (1979); 
see also
 
Robles
, at 732.  If the defendant establishes a prima facie violation, the State has the burden to show “a significant state interest be manifestly and primarily advanced by those aspects of the jury-selection process . . . that result in the disproportionate exclusion of a distinctive group.”  
Duren
, at 367-68 (footnote omitted).

[¶19] “A group of people is distinct when the members of the group have a shared attribute that defines or limits their membership and when they share a community of interests.”  
Robles
, 535 N.W.2d at 732.  This Court has said, “Hispanics are a distinctive group for purposes of Sixth Amendment fair-cross-section claims.”  
Id.
 (citations omitted).

[¶20] Gomez must show the representation of Hispanics in jury panels is not fair and reasonable in relation to the Hispanic population in the community.  Gomez presented a document from the Pew Hispanic Center indicating that approximately nine percent of Walsh County’s population was Hispanic in 2007.  However, no evidence was presented on the number of Hispanic individuals on the jury panel in this case or on the percentage of Hispanics on other jury panels in the county.  
See
 
Robles
, 535 N.W.2d at 732-33 (defendant failed to provide sufficient evidence to prove unfair jury representation).  Neither did Gomez show what percentage of the Walsh County Hispanic population was eligible for jury duty.  “Bare assertions, standing alone, are insufficient to show an underrepresentation of a distinct group.”  
State v. Schwab
, 2003 ND 119, ¶ 18, 665 N.W.2d 52.  A claimant must provide some statistical evidence and analysis to succeed on a claim based on ethnic or racial origin.  
Robles
, at 733.

[¶21] The district court advised Gomez that an evidentiary hearing was necessary and further evidence was required.  The court advised Gomez in its November 4, 2009 order that he must request an evidentiary hearing within ten days if he wanted to proceed with his motion.  Gomez did not request an evidentiary hearing.  No evidence was submitted about the number of Hispanic individuals on the jury panel.  Therefore Gomez failed to establish the representation of Hispanics in Walsh County jury panels is not fair and reasonable in relation to the number of Hispanics in the community.  

[¶22] Gomez also failed to show any underrepresentation was due to systematic exclusion of the group in the jury-selection process.  To prove systematic exclusion, Gomez had to show the exclusion is inherent in the Walsh County jury selection process.  
Robles
, 535 N.W.2d at 733.  Gomez did not present any evidence on this element.  “A mere observation that there are no persons of the allegedly excluded class on a jury venire that was drawn from a population containing members of that class is not sufficient to demonstrate a systematic exclusion.”  
Id.
 

[¶23] Gomez failed to show there was disproportionate representation of Hispanics on the jury panel and that there was systematic exclusion of Hispanics in the jury selection process.  Gomez failed to establish his Sixth Amendment right to a fair and impartial jury derived from a representative cross-section of the community was violated.  The district court did not err in denying his motion for mistrial. 

V

[¶24] Gomez argues his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment because it is disproportionate to the crime.  Gomez was sentenced to life in prison, with the balance suspended after he serves 30 years.

[¶25] The Eighth Amendment prohibits cruel and unusual punishments.  
See
 
Graham v. Florida
, 130 S.Ct. 2011, 2021 (2010).  A punishment in a non-capital case that is grossly disproportionate to the offense is cruel and unusual.  
Id.
 at 2022.  Successful Eighth Amendment challenges to the proportionality of a sentence in non-capital cases are exceedingly rare, and courts have held sentences were grossly disproportionate only in extreme cases.  
Id.
 at 2021-22; 
see also
 
Harmelin v. Michigan,
 501 U.S. 957, 1001 (1991) (successful challenges to the proportionality of a sentence in non-capital cases are exceedingly rare); 
United States v. Looney
, 532 F.3d 392, 396-97 (5th Cir. 2008) (“successful Eighth Amendment challenges to prison-term lengths will be rare”); 
United States v. Yousef
, 327 F.3d 56, 163 (2d Cir. 2003) (successful Eighth Amendment challenges to the proportionality of sentences in non-capital cases have been “exceedingly rare”).  The Eighth Amendment “contains a ‘narrow proportionality principle,’ that ‘does not require strict proportionality between crime and sentence’ but rather ‘forbids only extreme sentences that are “grossly disproportionate” to the crime.’” 
Graham
, at 2021 (quoting 
Harmelin,
 at 997, 1000-01) (Justice Kennedy’s concurrence is the controlling opinion in 
Harmelin
).

[¶26] When a claim of disproportionality is made, the court first compares the gravity of the offense to the harshness of the penalty.  
Harmelin
, 501 U.S. at 1005.  If the court finds a gross disproportionality exists, then the court should compare the defendant’s sentence with sentences received by other offenders in the same jurisdiction and with sentences imposed for the same crime in other jurisdictions.  
Id.
; 
see also
 
Ewing v. California
, 538 U.S. 11, 23, 28-30 (2003) (applying narrow proportionality framework from Justice Kennedy’s concurrence in 
Harmelin
); 
United States v. Jones
, 569 F.3d 569, 573 (6th Cir. 2009) (applying the “narrow proportionality principle” from Justice Kennedy’s concurrence in 
Harmelin
); 
United States v. Weis
, 487 F.3d 1148, 1153 (8th Cir. 2007) (applying “narrow proportionality principle”).  To evaluate the gravity of the offense, we consider the actual or threatened harm to the victim and society and the defendant’s culpability and degree of involvement.  
United States v. Barraza
, 576 F.3d 798, 808 (8th Cir. 2009).  

[¶27] Gomez contends the offense was minor because he did not touch the child, the child only touched him over his clothing and no allegations of sexual intercourse existed.  “[T]he fixing of prison terms for specific crimes involves a substantive penological judgment that, as a general matter, is ‘properly within the province of legislatures, not courts.’” 
Harmelin
, 501 U.S. at 998 (quoting 
Rummel v. Estelle
, 445 U.S. 263, 275-76 (1980)).  By making continuous sexual abuse of a child a class AA felony, the Legislature has indicated this is a very serious crime and one society has a great interest in deterring.  Gomez committed a serious offense that causes substantial harm.  
See
 
Norris v. Morgan
, 622 F.3d 1276, 1293 (9th Cir. 2010) (the court held the defendant’s sentence of life in prison without the possibility of parole was not grossly disproportionate to the crime because defendant’s brief touching of a five-year-old girl over her clothing was not de minimis conduct and was a violent crime); 
United States v. Brenton-Farley
, 607 F.3d 1294, 1345 (11th Cir. 2010) (court held thirty-year sentence for traveling across state lines with the intent to sexually violate a child was not grossly disproportionate because sexual abuse is a very serious crime causing extensive harm).

[¶28] Gomez received a sentence of life in prison, with the balance suspended after he serves thirty years.  Under N.D.C.C. § 12.1-32-01(1), the maximum sentence for a class AA felony is life in prison without parole, and an individual convicted of a class AA felony, who receives a sentence of life in prison with parole, is not eligible for parole for thirty years.  Gomez’s sentence is within the statutory sentencing range.  Generally, a sentence within the statutory sentencing range is neither excessive nor cruel.  
United States v. Flores
, 572 F.3d 1254, 1268 (11th Cir. 2009); 
see also
 
United States v. Atteberry
, 447 F.3d 562, 565 (8th Cir. 2006); 
United States v. Gillespie
, 452 F.3d 1183, 1190 (10th Cir. 2006); 
Yousef
, 327 F.3d at 163.  We conclude Gomez’s sentence is not grossly disproportionate to the offense.

[¶29] Our decision is consistent with those of other courts that have addressed similar issues.  
See, e.g.
, 
Harmelin
, 501 U.S. 957 (affirming sentence of life in prison without the possibility of parole for first-time offender possessing 672 grams of cocaine); 
Brenton-Farley
, 607 F.3d at 1343 (thirty-year mandatory minimum sentence for violating statute prohibiting crossing state lines with intent to engage in sexual activity with a child under age twelve was not unconstitutionally disproportionate, even though no sexual activity occurred); 
United States v. Polk
, 546 F.3d 74 (1st Cir. 2008) (affirming 188-month sentence, with fifteen-year mandatory minimum, for attempting to produce child pornography);  
Looney
, 532 F.3d at 396-97 (upholding 548-month sentence for drug and possession of firearms offenses for an individual in her fifties); 
United States v. Saccoccia
, 58 F.3d 754, 787-89 (1st Cir. 1995) (upholding 660-year sentence for racketeering, money laundering and other related offenses).

[¶30] Because Gomez’s sentence is not grossly disproportionate to the offense, it is unnecessary to examine the remaining factors of comparing his sentence to other sentences for the same crime in this jurisdiction and in other jurisdictions.  We conclude Gomez’s sentence does not violate the Eighth Amendment.

VI

[¶31] We affirm.

[¶32] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.