2011 ND 218

**STATE of North Dakota, Plaintiff and Appellee**

v.

**John Douglas WETZEL, Defendant and Appellant.**

**No. 20110080.**

Supreme Court of North Dakota.

Nov. 15, 2011.

Jacob Tyler Rodenbiker, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Jeffrey Scott Weikum, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶1]   John Wetzel appeals from a criminal judgment revoking his probation. Wetzel argues the State was precluded from seeking to revoke his probation on the basis of its allegation that he committed a new offense of aggravated assault, because a jury acquitted him of the same offense before the revocation hearing.   We affirm.

## . I

[¶2]   In 2008, Wetzel was convicted of two counts of terrorizing, one count of aggravated assault, one count of reckless endangerment, and one count of criminal mischief.   The district court sentenced Wetzel to a deferred sentence for a period of five years and ordered Wetzel placed on supervised probation during that period. The court ordered standard probation conditions, including that Wetzel not commit any new offenses and that he refrain from excessive use of alcohol.

[¶3]   On May 13, 2010, Wetzel was involved in an altercation at Sports Page, a bar in Bismarck.   Wetzel stabbed Robert Hixson, the owner of Sports Page, in the leg during the altercation.   The next day the State petitioned to revoke Wetzel's probation, alleging he violated his probation by committing the offense of aggravated assault and excessively using alcohol. Wetzel was also charged with the criminal offense of aggravated assault, and in February 2011 a jury found he was not guilty of the offense.

[¶4]   A hearing was held on the petition to revoke Wetzel's probation on March 8, 2011, and was continued on March 11, 2011.   During the hearing, the State introduced portions of the transcript from the jury trial, and the district court admitted the transcripts into evidence.

The court found Wetzel violated his probation by committing a new criminal offense and excessively using alcohol. The court revoked Wetzel's probation and resentenced Wetzel.

## II

[¶ 5] When this Court reviews a district court's decision to revoke probation, a two-step analysis is applied. *State v. McAvoy*, 2007 ND 178, ¶ 7, 741 N.W.2d 198. First, we review the district court's factual findings under the clearly erroneous standard, and second, we decide whether the court abused its discretion when it decided revocation was warranted. *Id.* at ¶¶ 8, 17. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or this Court is convinced, on the basis of the entire record, that a mistake has been made. *Id.* at ¶ 8. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.* at ¶ 17.

## III

[¶ 6] Wetzel argues collateral estoppel or res judicata prohibited the State from relitigating the offense of aggravated assault in the probation revocation proceedings, because a jury acquitted him of that offense before the revocation hearing.

[¶ 7] Collateral estoppel and res judicata preclude a court from relitigating claims or issues. *Riverwood Commercial Park, L.L.C. v. Standard Oil Co., Inc.*, 2007 ND 36, ¶ 13, 729 N.W.2d 101. "Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies."

*Id.* (quoting *Ungar v. North Dakota State Univ.*, 2006 ND 185, ¶ 11, 721 N.W.2d 16). "Collateral estoppel, or issue preclusion, forecloses relitigation of issues of either fact or law in a second action based on a different claim, which were necessarily litigated, or by logical and necessary implication must have been litigated, and decided in the prior action." *Riverwood*, at ¶ 13 (quoting *Ungar*, at ¶ 11).

[¶ 8] Collateral estoppel and res judicata do not prohibit revocation of probation based on evidence the probationer committed a new offense when the probationer was found not guilty of committing the same offense, because criminal cases and probation revocations have different standards of proof. *See* N.D.C.C. § 12.1–01–03(1); N.D.R.Crim.P. 32(f)(3)(B). In criminal cases, the State must prove the defendant committed the offense beyond a reasonable doubt. N.D.C.C. § 12.1–01–03(1). In probation revocation proceedings, the State must prove a probationer violated the conditions of his probation by a preponderance of the evidence. N.D.R.Crim.P. 32(f)(3)(B). The State has proven a violation by a preponderance of the evidence when "a reasoning mind reasonably could have determined factual conclusions reached were proved by the weight of the evidence from the entire record." *State v. McAvoy*, 2008 ND 204, ¶ 11, 757 N.W.2d 394 (quoting *Kraft v. State Bd. of Nursing*, 2001 ND 131, ¶ 21, 631 N.W.2d 572). An acquittal in a criminal case does not prove a defendant did not commit the alleged act; rather, it shows the State was unable to prove its case beyond a reasonable doubt. An adjudication of the charges on the higher standard of proof of beyond a reasonable doubt does not constitute an adjudication on a preponderance of the evidence standard. Because the standards of proof are different and the standard of proof for a proba-

tion revocation is lower than the standard for a criminal conviction, collateral estoppel and res judicata do not prohibit a probation revocation based on an allegation that the probationer committed a criminal offense which the probationer was previously acquitted of in a criminal proceeding. Furthermore, probation revocation is not a stage of the criminal prosecution; rather, it is a continuation of the original prosecution to determine whether the defendant violated a condition of his existing probation and not to convict and punish the defendant for a new criminal offense. *In re O.F.*, 2009 ND 177, ¶ 9, 773 N.W.2d 206.

[¶ 9] This decision is consistent with our decisions in prior cases in which similar arguments were raised. *See State v. Stewart*, 1999 ND 154, ¶ 29, 598 N.W.2d 773 (administrative adjudication was not binding in subsequent criminal prosecution under res judicata or collateral estoppel because the legislature authorized both criminal and administrative proceedings indicating an intent to permit those issues to be litigated twice, also noting the matters involve different burdens of proof); *Asbridge v. North Dakota State Highway Comm'r*, 291 N.W.2d 739, 750 (N.D.1980) (dismissal or acquittal of a related criminal charge is irrelevant to the disposition of civil administrative proceedings under the implied consent law). Our decision is also consistent with a majority of courts that have addressed this issue. *See, e.g., Avery v. State*, 616 P.2d 872, 874 (Alaska 1980); *State v. Jameson*, 112 Ariz. 315, 541 P.2d 912, 915 (1975); *In re Coughlin*, 16 Cal.3d 52, 127 Cal.Rptr. 337, 545 P.2d 249, 251–55 (1976); *Russ v. State*, 313 So.2d 758, 760 (Fla.1975); *People v. Colon*, 225 Ill.2d 125, 310 Ill.Dec. 396, 866 N.E.2d 207, 223 (2007); *Gibson v. State*, 328 Md. 687, 616 A.2d 877, 880–82 (1992); *Commonwealth v. Holmgren*, 421 Mass. 224, 656 N.E.2d 577, 578 (1995); *State v. Smith*, 721 A.2d 847

(R.I.1998). *See also* Wade R. Habeeb, Annotation, *Acquittal in Criminal Proceeding as Precluding Revocation of Probation on Same Charge*, 76 A.L.R.3d 564 (1977).

[¶ 10] Wetzel cites *Commonwealth v. Brown*, 503 Pa. 514, 469 A.2d 1371 (1983), in support of his argument. In *Brown*, the Court held collateral estoppel barred revocation of the defendant's probation because revocation was based on the defendant's alleged participation in a crime where the revocation hearing was deferred until after the criminal case, which resulted in an acquittal. *Id.* at 1377–78. However, in *Brown*, the prosecution elected to defer to the judgment of the jury in deciding whether the defendant committed the offense. *Id.* at 1377. In this case, the State did not agree to defer to the jury's determination about whether Wetzel committed the offense. Wetzel requested the district court order a continuance in the probation revocation proceedings because the allegations were based on pending charges, and the court indicated it would be best to wait and hold the probation revocation hearing after the criminal case was finished. Even if we agreed with *Brown*, this case is different.

[¶ 11] We conclude the State was not prohibited from seeking to revoke Wetzel's probation on the basis of allegations that he committed a new offense after he was acquitted of committing the same offense in the criminal case.

IV

[¶ 12] Wetzel argues the district court erred in failing to receive into evidence and consider the entire transcript from the criminal trial. Wetzel contends it was error for the court not to consider the entire trial transcript, because the court initially said it would review the entire transcript.

[¶ 13] During the probation revocation hearing, the State offered a partial transcript from the criminal trial, which included all of Wetzel's and Hixson's testimony. Hixson was present during the probation revocation hearing, but neither party called him to testify. Wetzel objected to admitting the transcript of Hixson's testimony, arguing he had a right to confront the witness and question him about his testimony. The court accepted the transcript and said, "I think if I'm going to accept Mr. Hixson's testimony, I would have to say I'm going to take the whole trial transcript into consideration because he was found not guilty. . . ." The court then asked the State whether there was a transcript of the entire trial, and the State said, "No. I have a transcript of Mr. Hixson's testimony and of Mr. Wetzel's testimony prepared." The court discussed the limited time available for the hearing and said, "All right. Let's go forward. I'll accept, subject to my review, the transcript of Mr. Hixson, the alleged victim." After the State presented testimony from its witnesses, it submitted the transcript of Hixson's and Wetzel's testimony. The court asked whether Wetzel had any further objections, and he indicated he did not. The court admitted the partial transcript into evidence. At the end of the first day of the hearing, the court informed the parties it planned to read the available transcript, hear the parties' arguments when the hearing continued, and make its decision.

[¶ 14] Revocation of probation is not a stage of a criminal prosecution, and therefore the same rights and standards do not apply. *See State v. Jensen*, 2010 ND 3, ¶ 8, 777 N.W.2d 847. The Rules of Evidence do not apply in probation revocation proceedings. N.D.R.Ev. 1101(d)(3). Rule 32(f)(3), N.D.R.Crim.P., requires the probationer be given an opportunity to make a statement and present evidence at a revocation proceeding.

[¶ 15] Here the district court initially stated it wanted to consider the entire trial transcript, but the State informed the court the entire transcript was not prepared and the only transcript available was of Wetzel's and Hixson's testimony. The court admitted the transcript without further objection from Wetzel. The transcript included all of Wetzel's and Hixson's testimony from the criminal trial, including Wetzel's cross-examination of Hixson. The parties had an opportunity to present further testimony at the hearing, and Hixson was present during the hearing, but Wetzel did not call Hixson to question him about the testimony he gave during the criminal trial. A transcript of the entire criminal trial did not exist, and Wetzel failed to provide the court with a transcript of the portions of the trial he wanted the court to consider. Wetzel had an opportunity to present evidence at the hearing. We conclude the district court did not err by failing to consider a transcript of the entire criminal trial.

V

[¶ 16] Wetzel argues the district court's findings that he violated the terms of his probation are clearly erroneous. He contends the evidence in the record does not support the court's findings that he committed a new offense or that he excessively used alcohol.

[¶ 17] The court's determination of whether the defendant violated the terms of his probation is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. *McAvoy*, 2008 ND 204, ¶ 11, 757 N.W.2d 394. The State must prove the defendant violated the terms of his probation by a preponderance of the evidence. N.D.R.Crim.P. 32(f)(3)(B); *see also McAvoy*, at ¶ 11.

[¶ 18]   The conditions of Wetzel's probation stated:

1.   It is a violation of probation for you to violate any federal, tribal, state, county or municipal criminal law or ordinance during the period of probation.

. . . .

5B.   You shall refrain from excessive use of alcohol.

A person commits the offense of aggravated assault if the person "[k]nowingly causes bodily injury or substantial bodily injury to another human being with a dangerous weapon or other weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury." N.D.C.C. § 12.1-17-02(2).

[¶ 19]   There was evidence presented during the revocation hearing that Wetzel excessively used alcohol and committed the offense of aggravated assault on May 13, 2010.   There was testimony Wetzel drank a beer at Sports Page, and Wetzel testified he had a drink before arriving at the bar. A witness testified Wetzel appeared to be under the influence of alcohol at the time of the incident because he was stumbling and yelling at people in the bar before the altercation with Hixson.   There was testimony Wetzel caused problems at the bar, he threw a glass ashtray at Hixson's head after Hixson warned him that he needed to be quiet or he would have to leave, Sports Page employees physically removed Wetzel from the bar, and Wetzel stabbed Hixson in the leg with a knife as he was being removed from the premises.   There was also evidence from Hixson's testimony at the criminal trial that Hixson and another Sports Page employee were attempting to remove Wetzel from the bar when he stabbed Hixson in the leg with a knife. Although Wetzel claimed he stabbed Hixson while he was defending himself, Hixson testified he did not hit Wetzel in any way before he saw the knife and he did not see any other employee hit Wetzel.

[¶ 20]   On the basis of this record, there is evidence to support the court's findings that Wetzel excessively used alcohol and committed a new offense of aggravated assault.   We conclude the court's findings that Wetzel violated the terms of his probation are not clearly erroneous.

## VI

[¶ 21]   We affirm the judgment revoking Wetzel's probation.

[¶ 22]   GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.